# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| VEROBLUE FARMS USA, INC., ) | |
| et al, ) | |
| ) | |
| Debtors. ) | Bankruptcy No. 18-01297 |
| ------------------------------------------------- ) | |
| VEROBLUE FARMS USA, INC., ) | |
| et al, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 20-09002 |
| ) | |
| v. ) | |
| ) | |
| CANACCORD GENUITY LLC, ) | |
| ) | |
| Defendant. ) | |

## RULING ON MOTION TO DISMISS

This matter came before the Court by telephonic hearing on November 16, 2022. Dan Childers appeared for Plaintiff VeroBlue Farms USA, Inc. ("VBF"). Terry Gibson, Eric Lawson, and Theresa Foudy appeared for Defendant Canaccord Genuity LLC ("Canaccord"). The Court heard argument and took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

VBF filed a complaint against Canaccord on February 4, 2020, seeking to avoid a transfer as fraudulent under 11 U.S.C. §§ 548 and 544(a).  (ECF Doc. 1).  Canaccord filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on April 10, 2020, for failure to state a claim.  (ECF Doc. 19).  Upon request of the parties, the Court stayed this action on May 27, 2020, pending resolution of a related proceeding in federal court.  (ECF Doc. 34).  The Court granted Canaccord's motion to lift that stay on September 8, 2022.  (ECF Doc. 43).  Canaccord filed a Renewed Motion to Dismiss on September 29, 2022, (ECF Doc. 46), and VBF filed a Response on October 20, 2022, (ECF Doc. 53).  The Court heard arguments on the Motion to Dismiss in a telephonic hearing on November 16, 2022.  (ECF Doc. 52).

## STATEMENT OF THE FACTS

VBF paid Canaccord $475,000 (the "Transfer") as part of a settlement agreement between Canaccord and VBF Canada ("the Settlement Agreement").  (ECF Doc. 46 ¶ 11).  Transfer of the settlement funds occurred within two years before VBF filed a bankruptcy petition.  (Id.).  The Settlement Agreement includes a mutual release of claims.  (ECF Doc. 19 Ex. B).  VBF disputes that it released the claims at issue against Canaccord.  (ECF Doc. 46 ¶ 12.).  VBF alleges that its "potential claims against Canaccord totaled approximately $90 million or more."

(ECF Doc. 46 ¶ 9); but cf. VeroBlue Farms, 2021 U.S. Dist. LEXIS 166294, at *2 (S.D.N.Y. Sept. 1, 2021) ("VBF contends that it suffered $80 million in damages").

In addition to filing in this court, VeroBlue filed two other actions: one in the Northern District of Iowa which that court transferred to the Northern District of Texas, and one in the Southern District of New York. Id. at *7. The Texas court severed some claims in that action and transferred them to the Southern District of New York, where the court granted Canaccord's motion to dismiss the complaint on three separate grounds: "the Mutual Release, the Engagement Agreement, and the in pari delicto doctrine." Id. at *15. On appeal, the Second Circuit affirmed the judgment on the Mutual Release ground alone. VeroBlue Farms USA Inc. v. Canaccord Genuity LLC, No. 21-2465-cv, 2022 U.S. App. LEXIS 16344, at *3 (2d Cir. June 14, 2022).

## DISCUSSION

Canaccord moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6). "Rule 12(b)-(i) F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7012(b). "A pleading that states a claim for relief must contain," among other things, "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

3

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (U.S.)). When evaluating a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the nonmoving party. Northstar Indus. v. Merrill Lynch & Co., 576 F.3d 827, 832 (8th Cir. 2009). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Id. at 678–79 (quoting Fed. R. Civ. P. 8(a)(2)).

In relevant part, VBF pleads the following:

1. "Canaccord alleged that VBF Canada and Debtors owed Canaccord fees of approximately $2 million to $4.3 million." (ECF Doc. 1 ¶ 9).
2. "Debtors' potential claims against Canaccord totaled approximately $90 million or more." (Id.).
3. "Debtors paid Canaccord $475,000." (Id. ¶ 11).
4. "Canaccord asserts that Debtors released all claims against Canaccord under the Agreement." (Id. ¶ 12).

4

5. "Debtors, for the record, dispute Canaccord's position that Debtors released their claims against Canaccord." (Id.).

6. "Canaccord purportedly released claims totaling, at most, $4.3 million." (Id.).

7. "Debtors possessed a claim against Canaccord of much higher value than what they received in exchange for the release of their claim." (Id.).

8. "Debtors received less than a reasonably equivalent value in exchange for the Payment and Release given to Canaccord under the Agreement." (Id. ¶ 14).

9. "Debtors received little-to-no value for the $475,000 paid according to the Agreement." (Id.).

10. "Canaccord's release of a two to four million dollar claim was certainly not reasonably equivalent value for the release of Debtor's claim against Canaccord worth approximately ninety million dollars." (Id.).

11. "Canaccord did not give Debtors value for the Agreement and Release." (Id. ¶ 16).

12. "Canaccord did not act in good faith." (Id.).

13. "Debtors were damaged." (Id. ¶ 17).

VBF fails to show that it is entitled to relief, because it does not provide anything beyond "mere conclusory statements" to support its allegation that it received less than reasonably equivalent value for the Transfer.

It is difficult to understand on what basis VBF continues to contest the validity of the Settlement Agreement other than the conclusory statements in paragraphs 4–6 above.  The Settlement Agreement has been litigated, and the Second Circuit affirmed the judgment of the district court **enforcing** the agreement.  <u>VeroBlue Farms USA Inc. v. Canaccord Genuity LLC</u>, No. 21-2465-cv, 2022 U.S. App. LEXIS 16344, at *3 (2d Cir. June 14, 2022).

Moreover, the only allegation that even purports to be a basis for setting aside the Settlement Agreement is VBF's legal conclusion that it received less than reasonably equivalent value for the Transfer.  The statement that "Debtors' potential claims against Canaccord totaled approximately $90 million or more" essentially adds nothing, because VBF admitted that it settled these claims for $475,000.  VBF has alleged no facts whatsoever about the "potential" claims underlying purported damages of $90 million or—more importantly—why VBF accepted $475,000 in exchange for the release of Canaccord's claims.  There is no factual basis in the allegations for calling this into question.

If VBF had claims against Canaccord that were not extinguished by the Settlement Agreement, then it failed to sufficiently plead them.  The conclusory

allegations set forth by VBF show no factual or legal basis for a claim. The Complaint therefore fails to state a claim for relief, and dismissal is appropriate.

The Court does not reach Canaccord's other arguments for dismissal.

## CONCLUSION

Canaccord's Motion to Dismiss is GRANTED.

Dated and entered:

April 11, 2023

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE