# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>VEROBLUE FARMS USA, INC.,<br><br>Debtor<br>_____<br><br>VeroBlue Farms USA, Inc.,<br>    Plaintiff<br>vs.<br><br>Canaccord Genuity LLC,<br>    Defendant | Chapter 11<br><br>Bankruptcy No. 18-01297<br><br><br><br><br><br>Adversary No. 20-09002 |

## RULING ON PLAINTIFF'S MOTION TO ALTER OR AMEND RULING ON MOTION TO DISMISS

This matter came before the Court for a telephonic hearing on May 26, 2023, on Plaintiff's Motion to Alter or Amend Judgment (Doc. 61). Attorney Dan Childers appeared for VeroBlue Farms USA, Inc. ("Veroblue") and attorneys Terry Gibson, Eric Lawson, and Theresa Foudy appeared for Canaccord Genuity LLC ("Canaccord"). The Court heard argument and took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## I. BACKGROUND

1

Veroblue Farms USA, Inc., VBF Operations, Inc., VBF Transport, Inc., VBF IP, Inc., and Iowa's First, Inc. (jointly administered and collectively "VeroBlue") are a sustainable fish farm operation that filed for Chapter 11 relief on September 21, 2018. This adversary proceeding was filed on February 4, 2020, by VeroBlue against Canaccord alleging two counts of fraudulent conveyance: one under 11 U.S.C. § 548 and one under Iowa Code Chapter 684. Canaccord moved to dismiss the proceedings (Docs. 19, 46) to which VeroBlue timely resisted (Doc. 53). After appropriate notice and hearing, this Court entered a ruling granting Canaccord's Motion to Dismiss. Doc. 59. VeroBlue then filed its Motion to Amend. Doc. 62. Canaccord timely objected. Doc. 66. VeroBlue filed a response to Canaccord's objection. Doc. 67.

At hearing, Canaccord rested on its briefing that argued VeroBlue did not meet the demanding standard required for altering or amending a court's ruling and judgement. In response, VeroBlue also rested on its briefing but included a request for additional clarification of the points discussed in its briefing, acknowledging the extraordinary nature of the relief it requested. The Court took the matter under advisement and concludes for the following reasons that VeroBlue's motion must be denied.

## II. Discussion

The primary issue before the Court is whether VeroBlue carried the burden for this Court to alter or amend its judgment under Fed. R. Bankr. P. 9023. Fed. R. Bankr. P. 9023 incorporates Fed. R. Civ. P. 59, which provides for the amendments of judgments. Motions to alter or amend judgments allow a court the opportunity to correct its mistakes in the time immediately following its entry of judgment in the matter. <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills</u>, 141 F.3d 1284, 1286 (8th Cir. 1998). They generally should not be used to "tender new legal theories or raise arguments which could have been offered or raised prior

2

to entry of judgment." Innovative Home Health Care, 141 F.3d at 1286. The court has broad discretion in determining whether or not to grant a motion to alter or amend its judgment. Id.

Under these standards, amending the judgment is not appropriate in this case. This Court has already thoroughly considered and addressed VeroBlue's arguments in its ruling and will not "rehash matters already decided." Crofford v. Conseco Fin. Serv. Corp. (In re Crofford), 277 B.R. 109, 113 (B.A.P. 8th Cir. 2002). Further, nothing in the motion persuades the Court that its previous ruling constitutes a manifest error of law. The Court, however, will provide additional clarification requested by VeroBlue to have Court further explain its reasoning.

### A. VeroBlue's Pleadings Lacked Sufficient Allegations to Establish a Claim.

VeroBlue attempted to pursue two counts of fraudulent conveyance in its Complaint. Doc. 1. The first count of fraudulent conveyance came under 11 U.S.C. § 548, which states in relevant part:

> (1) The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>   (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>   (B)
>     (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>     (ii)
>       (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> . . .

3

11 U.S.C. § 548(a)(1). VeroBlue appeared to rely on allegations of constructive fraud[1] and focused its Complaint on the idea that it received less than reasonably equivalent value under the terms of the Settlement Agreement and thus became insolvent as a result of the Settlement Agreement payment. Doc. 1; see also 11 U.S.C. § 548(a)(1)(B)(i)–(ii). However, the facts that VeroBlue focuses on—and alleges that this Court ignored—are either conclusory statements or legal conclusions that do not receive the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (discussing that under a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation.") (citation omitted).

Under Iqbal and Twombly, a claim for constructively fraudulent transfers must allege sufficient facts that plausibly show: (i) a transfer within the applicable time period, (ii) a lack of reasonably equivalent value (or fair consideration), and (iii) debtor's insolvency during the relevant time period. Sarachek v. Right Place Inc. (Agriprocessors, Inc.), 2011 Bankr. LEXIS 3671, at *14 (Sept. 30, 2011). There is no dispute under the first element that VeroBlue's Complaint was timely filed. VeroBlue's Complaint fails to sufficiently allege the other two elements. While the term "reasonably equivalent value" is not defined in the Bankruptcy Code, courts have generally required a complaint to do more than just summarily state there was "less than a reasonably equivalent value in exchange." Id. at *15 (quoting In re Charys Holding Co., 443 B.R. 628 (D. Del. 2010)). VeroBlue's Complaint allegations (as laid out in this Court's Ruling at Doc. 59) as well as the additional allegations found in VeroBlue's Memorandum in Opposition of Motion to Dismiss

---

[1] Note that "[w]hen 'fraud' is alleged solely because a debtor transferred property while it was insolvent, the transferee is not accused of an act of fraud or deception . . . ." Sarachek v. Right Place Inc. (Agriprocessors, Inc.), 2011 Bankr. LEXIS 3671, at *13 (Sept. 30, 2011).

4

(Doc. 53)[2] suggest that their payment of $475,000 and the mutual release of claims under the Settlement Agreement was not "reasonably equivalent value." VeroBlue, however, failed to offer anything other than these conclusory allegations. For example, Paras. 14 and 15 in VeroBlue's Memorandum in Opposition of Motion to Dismiss state:

> 14. Less than two years later, Canaccord alleged that VBF Canada and Debtors owed it $4.3 million in fees pursuant to the parties' original engagement agreement. At the same time, Debtors' potential claims against Canaccord exceeded $90 million.
> 15. On September 26, 2016, VBF Canada and Canaccord entered into a settlement agreement and mutual release (the "Agreement"). According to the Agreement, Debtors paid Canaccord $475,000.00 (the "Payment"), and released the claims it had against Canaccord. In exchange, Canaccord purportedly released claims totaling, at most, $4.3 million (the "Release").

Doc. 53. These bare allegations do not suffice. They say nothing about the merits of the $90 million figure for potential claims—let alone where it comes from. The merits of the "potential" claims are critical basic facts that would allow this Court to apply the necessary fact-intensive analysis[3] to determine whether the parties had an exchange of "reasonably equivalent value." See, e.g., In re Polaroid Corp., 543 B.R. 888, 905–14 (Bankr. D. Minn. 2016), aff'd, 909 F.3d 219 (8th Cir. 2018) (dismissing fraudulent transfer claims for failure to plead a "basis for a finding of no reasonably

---

[2] While the Court is addressing all facts raised for clarity and completeness, the Court notes Canaccord's argument that:
> Although VBF points to "additional facts in [its] opposition[] to the motions to dismiss . . . those factual allegations were not included in [the Adversary] [C]omplaint and, thus, cannot be considered on a motion to dismiss." Glick v. W. Power Sports, Inc., 944 F.3d 714, 717–18 (8th Cir. 2019). The reason is simple: "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Gallagher v. City of Clayton, 699 F.3d 1013, 1022 (8th Cir. 2012); see also Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[3] This analysis generally includes "the good faith of the parties, the difference between the amount paid and the market value, and whether the transaction was at arm's length." Peltz v. Hatten, 279 B.R. 710, 736 (D. Del. 2002) (quoting In re R.M.L., Inc., 92 F.3d 139, 148–49 (3d Cir. 1996)).

equivalent value."). Further, nowhere in its pleadings does VeroBlue allege that there was wrong-doing, duress, or coercion involved in the Settlement Agreement that would allow this Court to weigh those allegations in its analysis. Finally, VeroBlue also failed to properly allege it was insolvent at the time it entered into the Settlement Agreement and thus failed to meet the standard of the third element. In total, VeroBlue did not meet the minimum pleading requirements for constructive fraudulent transfer under 11 U.S.C. § 548.

### B. The Court Did Not Misinterpret Other Courts' Rulings in this Matter.

VeroBlue has litigated the validity and enforceability of the Settlement Agreement and its Mutual Release in New York, and that ruling was upheld by the Second Circuit. Veroblue Farms USA Inc. v. Canaccord Genuity LLC, 2021 U.S. Dist. LEXIS 166294 (S.D.N.Y. Sept. 1, 2021), aff'd, Veroblue Farms USA Inc. v. Canaccord Genuity LLC, 2022 U.S. App. LEXIS 16344 (2d Cir. June 14, 2022). While not dispositive, the findings of the Southern District of New York strongly support this Court's conclusions as outlined in the original Order and above. Regardless of VeroBlue's apparent inability to accept the Settlement Agreement, there has been no factual basis presented to this Court to support any other finding under the Bankruptcy Code.

### III.   ORDER

**IT IS ORDERED** that VeroBlue's Motion to Alter or Amend is hereby DENIED.

Ordered:

September 19, 2023

Thad J. Collins

Chief Bankruptcy Judge